IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SAMUEL L. CURTIS, # 98054469            *

Plaintiff                                *

v.                                       *       Civil Action No. WDQ-12-2562

WICOMICO COUNTY CORRECTIONAL   *
   CENTER,
MR. KALOUROMAKIS, Warden,                *
CONMED HEALTHCARE
   MANAGEMENT,                          *
RICHARD TURNER, Legal Counsel
                                         *
Defendants
                                       ***

## MEMORANDUM

Pending is self-represented plaintiff Samuel L. Curtis' ("Curtis") complaint under 42 U.S.C § 1983 and Motion to Proceed in Forma Pauperis. ECF Nos. 1 and 2. After preliminary review, the Court will grant the Motion to Proceed in Forma Pauperis and dismiss the Complaint for failure to state a claim on which relief can be granted.

## BACKGROUND

Curtis, an inmate at Wicomico County Correctional Center, is suing Defendants for allegedly giving him the wrong medication on July 17, 2012. He alleges: 1) that he felt drowsy, had problems moving and talking, and "passed out" after receiving another inmate's medication; 2) he was checked only once afterward by the medical technician and a corrections guard informed him that "nothing was going to be done about it"; and 3) the medical technician was counseled on appropriate procedures for reporting medication errors after the incident. ECF No. 1 at 7 and Attachment at 4.[1]

---

[1] Neither the medical technician nor correctional officer is named as a defendant.

## STANDARD OF REVIEW

The in forma pauperis statute authorizes district courts to dismiss a case if it is satisfied that the action fails to state a claim on which relief may be granted, is frivolous or malicious, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e) (2) (B). Further, Curtis is a prisoner under the definition in 28 U.S.C. § 1915A(c), and seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A (a). Thus, even had Curtis paid the full filing fee, this Court would be obligated to screen this lawsuit to identify cognizable claims or to dismiss the Complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A.

The Court is mindful that Plaintiff is self-represented and has accorded his filings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam). Liberal construction, however, does not mean that the Court can ignore clear failure to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly* 550 U.S.at 556). "Factual allegations must be enough to raise a right to relief above the speculative level" and must be a " 'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.' "

*Twombly*, 550 U.S. at 555 and 557. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678

## ANALYSIS

### A.  § 1983 Claim

A § 1983 claim is not an independent source of substantive rights but is a vehicle by which a plaintiff can bring suit against a state for violations of federal or constitutional laws. *See* 42 U.S.C. § 1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws. ") In the Complaint, Curtis fails to identify a federal or constitutional law that Defendants allegedly violated. Accordingly, he has failed to state a claim upon which relief can be granted.

### B.  Medical Claim

The government is "obligat[ed] to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). When prison officials show "deliberate indifference" to a prisoner's "serious medical needs," their actions or omissions give rise to an Eighth Amendment violation. *Id.* at 104.[2] The prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The medical treatment provided must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. *See Miltier*, 896 F.2d 848, 851 (4th Cir

---

[2] It is unclear whether Curtis was a pre-trial detainee at the time of the incident. As a practical matter, pre-trial detainees' rights under the Due Process Clause of the Fourteenth Amendment are coextensive with the Eighth Amendment protections applicable to convicted inmates. *See, e.g., Hill v. Nicodemus*, 979 F.2d 987, 991–92 (4th Cir. 1992).

1990). A defendant must know of and disregard an excessive risk to inmate health or safety. Mere negligence or malpractice does not rise to a constitutional level.[3] *See Estelle*, 429 U.S at 105-06. An inmate's disagreement with medical providers about the proper course of treatment does not support an Eighth Amendment cause of action. *See Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985); *Wester v. Jones*, 554 F.2d 1285 (4th Cir. 1977); *Russell v. Sheffer*, 528 F.2d 318 (4th Cir. 1975). Curtis does not assert nor present facts to suggest that Defendants acted with requisite deliberate indifference to establish an Eighth Amendment violation. The technician's actions are arguably improper or negligent,[4] but do not meet the deliberate indifference standard.

C. **Amenability to Suit**

None of the Defendants are alleged to have had any personal involvement in the incident at issue here. Insofar as Curtis might intend to hold Defendants Kalouromakis, Conmed Healthcare Management, and Richard Turner liable under the doctrines of vicarious liability or respondeat superior,[5] both principles are generally inapplicable to § 1983 actions. *See Vinnedge v. Gibbs*, 550 F.2d 926, 927–99 (4th Cir. 1977); *see also Monell v. Department of Social Services of City of N.Y.*, 436 U.S. 658, 691 (1978). Further, Wicomico County Correctional Center is not a "person" subject to suit under 42 U.S.C. § 1983. *See e.g. Powell v. Cook County Jail*, 814

---

[3] Under Maryland law, a claim of medical negligence or malpractice may proceed only after review before the Maryland Health Claims Arbitration Board. *See* Md. Code, Cts & Jud. Proc., § 3–2A–01 et seq.; *see also Carroll v. Konits*, 400 Md. 167, 172, 929 A.2d 19, 22 (2007); *Davison v. Sinai Hospital of Baltimore, Inc.*, 462 F. Supp. 778, 779–81 (D. Md.1978); *Group Health Association, Inc. v. Blumenthal*, 295 Md. 104, 114, 453 A.2d 1198 (1983).

[4] Plaintiff is free to pursue his claims in state court. This Court expresses no opinion concerning the merit the claims.

[5] Respondeat superior is a legal doctrine whereby an employer may be held responsible for its employees.

F.Supp. 757 (N.D.Ill.1993) (jail not subject to suit); *Marsden v. Fed. Bureau of Prisons*, 856 F.Supp. 832, 836 (S.D.N.Y.1994) ("jail is not an entity that is amenable to suit").

## CONCLUSION

For these reasons, the Court will dismiss the Complaint. A separate Order follows.

10/2/12
Date

William D. Quarles, Jr.
United States District Judge